IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMELE R. BRUNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-659-SLP |
| | ) | |
| THE STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court is the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell [Doc. No. 9]. Judge Purcell recommends that the Petition be dismissed without prejudice pursuant to the *Younger* abstention doctrine.[1] In the Report and Recommendation, Judge Purcell advised Petitioner of his right to file an objection by October 3, 2023, and further advised him that failure to make timely objection waives the right to appellate review of both factual and legal issues contained therein. To date, Petitioner has not filed an objection to the Supplemental Report and Recommendation, nor has he requested an extension of time in which to do so. Accordingly, the Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and this action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously with this Order.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  Upon consideration, the Court finds Petitioner has not made the requisite showing. The Court therefore denies a COA.  This denial shall be included in the judgment.

IT IS SO ORDERED this 16th day of October, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE